UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SALVADOR PIÑEIRO-DIAZ, et als.,
**Plaintiffs**

v.                                                                                    CIVIL NO. 04-1522 (DRD)

ADCHEM PHARMA OPERATIONS, et als.,
**Defendants**

OMNIBUS ORDER

Pending before the Court is the plaintiffs' *Motion for Voluntary Withdraw Without Prejudice and Other "House Cleaning" Matters* (Docket No. 84). Plaintiffs move the Court for the dismissal of all claims without prejudice against all of the appearing defendants except as to Bristol Myers PR, Inc. And/or Bristol Myers Squibb P.R., Inc.

The plaintiffs assert that they have requested previously the voluntarily withdrawn of the claims against Novo Nordisk, Amgen Manufacturing LTD., Bayer PR, Inc., Sanofi Synthelabo, Baxter Health Care, Aventis Pharmaceuticals, and Merk, Sharp & Dohme. Further, in the instant motion, plaintiffs have requested the voluntary dismissal without prejudice against the following defendants: **Abbot Laboratories, Abbot Laboratories PR Inc., Abbot PR Operations Inc., Adchem Pharma Operations, Alcon Puerto Rico Inc., Allergan PR Inc., Astrazeneca, Bausch & Lomb PR, Inc., Biovail Laboratories, Cordis, Dupont Agricultural Caribe Ind. Ltd., Eli Lilly Export SA, Eli Lilly PR Pharmacia, Inc., Ethicon Johnson & Johnson, Glaxo SmithKline, ICI Pharm, ICN Puerto Rico Inc., IPR Pharmaceuticals, Janssen Products, Johnson & Johnson, Johnson & Johnson Medical Caribbean, Lilly del Caribe Inc., McNeil Consumer Health Care, MOVA Pharmaceuticals, Novartis, Novo Nordisk Pharmaceuticals, Ortho Biological LLC, Ortho Pharmaceuticals, Pharmacia PR Inc., Procter & Gamble Pharmaceuticals (PR) Inc., Schering Plough Products Inc., Southern Pharmaceutical Corp., and Wyeth Ayerst Laboratories**. Hence **Bristol Myers PR Inc. and/or Bristol Myers Squibb PR Inc.**, are the remaining defendants.

Further, plaintiffs sustain that in light of the dismissal requested that motions at docket nos. 11-18, 21, 28, 29, 34, 35, 38, 39, 41-47, 51-56, 58, 60-64, 66-69, 71-82 shall be deemed **Mooted**. However, Bristol-Myers Barceloneta, Inc. (Bristol Barceloneta), Bristol-Myers Squibb Holdings Pharma, Ltd. (Bristol Manati), Bristol Squibb Manufacturing Company (Bristol Humacao), Bristol-Myers Squibb Manufacturing Company and Bristol-Myers Squibb Caribbean Company (jointly referred to as Bristol Mayaguez) filed a motion in opposition to plaintiffs' request for voluntary dismissal (Docket No. 85). Bristol has been joined in their opposition by SB Pharmco PR, Inc. (incorrectly denominated Glaxo SmithKline) and Eli Lilly Export, S.A. (Puerto Rico Branch) (Docket No. 87).

Basically, the co-defendants' [SB Pharmco PR, Inc. and Eli Lilly Export, S.A.] opposition to mooting all motions as asserted by plaintiffs results from said co-defendants requesting the imposition of sanctions upon the plaintiffs pursuant to Rule 11 because plaintiffs failed to voluntarily dismiss their claims against these co-defendants since November 2004. The instant co-defendants

sustain that on November 3, 2004, the Rule 11 motion was served on the plaintiffs, that is twenty one (21) days before it was filed with the Court, and yet plaintiffs "lent a deaf ear" to the request for voluntary dismissal forcing the defendants to incur in litigation expenses and corresponding attorney's fees.  Consequently, the defendants sustain that the Court should impose sanctions on the instant plaintiffs notwithstanding the pending request for voluntary dismissal.  The Bristol co-defendants have joined the request for the imposition of sanctions upon the plaintiffs.  In addition, the Bristol co-defendants move the Court to order plaintiff to submit a more definite statement specifying as to each name plaintiffs' employer, or former employer, and dates of employment.  In sum, the appearing co-defendants sustain that the motions at Docket Nos. 11, 18 and 82 should not be deemed moot in light of the Rule 11 sanctions request pending resolution.

The Court notes that no other co-defendant except for Bristol-Myers Barceloneta, Inc. (Bristol Barceloneta), Bristol-Myers Squibb Holdings Pharma, Ltd. (Bristol Manati), Bristol Squibb Manufacturing Company (Bristol Humacao), Bristol-Myers Squibb Manufacturing Company and Bristol-Myers Squibb Caribbean Company (jointly referred to as Bristol Mayaguez) and SB Pharmco PR, Inc. (incorrectly denominated Glaxo SmithKline) and Eli Lilly Export, S.A. (Puerto Rico Branch), have filed objections to plaintiffs voluntary dismissal nor to the alleged mootness of the aforementioned motions.  Therefore, pursuant to Local Rule 7.1(b) co-defendants' objections have been waived.

The Court hereby **GRANTS in part** plaintiffs' *Motion for Voluntary Withdraw Without Prejudice and Other "House Cleaning"Matters* (Docket No. 84) and **DISMISSES** all claims against **Abbot Laboratories, Abbot Laboratories PR Inc., Abbot PR Operations Inc., Adchem Pharma Operations, Alcon Puerto Rico Inc., Allergan PR Inc., Astrazeneca, Bausch & Lomb PR, Inc., Biovail Laboratories, Cordis, Dupont Agricultural Caribe Ind. Ltd., Eli Lilly Export SA, Eli Lilly PR Pharmacia, Inc., Ethicon Johnson & Johnson, Glaxo SmithKline, ICI Pharm, ICN Puerto Rico Inc., IPR Pharmaceuticals, Janssen Products, Johnson & Johnson, Johnson & Johnson Medical Caribbean, Lilly del Caribe Inc., McNeil Consumer Health Care, MOVA Pharmaceuticals, Novartis, Ortho Biological LLC, Ortho Pharmaceuticals, Pharmacia PR Inc., Procter & Gamble Pharmaceuticals (PR) Inc., Schering Plough Products Inc., Southern Pharmaceutical Corp., and Wyeth Ayerst Laboratories WITHOUT PREJUDICE.**  Further, plaintiffs' motion for voluntary withdrawal at Docket No. 68 is hereby **GRANTED.**  Hence **Baxter Health Care Corp.**, is hereby **DISMISSED WITH PREJUDICE** and **Aventis Pharmaceuticals Puerto Rico Inc. improperly named as Aventis Behring** and **Merck, Sharp and Dome** are hereby **DISMISSES WITHOUT PREJUDICE.  Judgment** shall be entered accordingly.  Consequently, pursuant to plaintiffs' *Motion for Voluntary Withdraw Without Prejudice and Other "House Cleaning"Matters* (Docket No. 84) motions at **Docket Nos. 11, 12, 17, 26, 27, 34, 37, 38, 39, 42, 43, 44, 45, 46, 47, 48, 51, 52, 53, 54, 55, 56, 58, 60, 61, 62, 63, 64, 65, 66, 67, 69, 78, 80, 81, 83, and 92** are hereby **MOOTED**.

Further, plaintiffs' *Motion to Voluntarily Withdraw With Prejudice the Cause of Action against Novo Nordisk Pharmaceuticals, Inc., for the Issuance of Summons and to Amend Pleadings Pursuant to FRCP 15* (Docket No. 24) is **GRANTED in part** as to **DISMISSING WITH PREJUDICE** all causes of action against **Novo Nordisk Pharmaceuticals, Inc.**, and **MOOTED in part** as to adding other co-defendants pursuant to plaintiffs' voluntary dismissal filed at Docket No. 84. Moreover, ICN Puerto Rico, Inc., and SB Pharmco PR, Inc., (incorrectly denominated Glaxo SmithKline) *Motion to Strike Reply to Opposition to Request for Court Sponsored Notice* (Docket No. 29) is **MOOTED**, see ruling at Docket No. 90.  Likewise, ICN Puerto Rico, Inc., and SB

Pharmco PR, Inc., (incorrectly denominated Glaxo SmithKline) *Motion to Strike Plaintiffs' Response to Motion for a More Definite Statement* (Docket No. 35) is **GRANTED** hence Plaintiffs' motion at Docket No. 20 is hereby **STRICKEN**.  Further, plaintiffs' *Motion to Hold in Abeyance Issues Pending Court Sponsored Notice* (Docket No. 36) is hereby **MOOTED**, pursuant to ruling at Docket No. 90.  Furthermore, plaintiffs' *Fourth Motion to Voluntary Withdraw With Prejudice in Favor of Baxter Health Care Corp., Without Prejudice in Favor of Aventis Pharmaceuticals PR, Inc., and Merck Sharp & Dome* (Docket No. 70) is deemed **MOOT** as previously ruled at Docket Entry No. 68.  Moreover, co-defendants' motions requesting the continuance of the Status Conference scheduled for the 14th day of February 2005 filed at Docket Entry Nos. 71, 72, 73, 74, 75, 76, 77, and 79 are **MOOTED** since the Status Conference was held as scheduled.  Finally, plaintiffs' *Informative Motion of Clerical Error* is hereby **NOTED** as to the clerical error stated.

Finally, the only matters remaining before the Court are co-defendants SB Pharmco PR, Inc., (incorrectly denominated Glaxo SmithKline) and Eli Lilly Export, S.A. (Puerto Rico Branch) *Motion Requesting Sanctions Under Rule 11* (Docket No. 11) and co-defendants Bristol-Myers Barceloneta, Inc. (Bristol Barceloneta), Bristol-Myers Squibb Holdings Pharma, Ltd. (Bristol Manati), Bristol Squibb Manufacturing Company (Bristol Humacao), Bristol-Myers Squibb Manufacturing Company and Bristol-Myers Squibb Caribbean Company (jointly referred to as Bristol Mayaguez) *Motion Joining Request for a More Definite Statement Under Rule 12(E) of the Federal Rules of Civil Procedure* (Docket No. 82).  **All pending matters shall be addressed at the Status Conference scheduled for the 22nd day of April at 2:00 p.m.  All parties dismissed are excused.**

Although the Court usually refrains from issuing a partial judgment at this time because the First Circuit strongly disfavors partial judgments as they foster piecemeal appeals, there is no reason as to why partial judgment should not be issued since the plaintiffs have voluntarily requested the instant dismissals.  Thus, the Court deems that no piecemeal appeal shall result from the instant request since all parties have waived their objections to plaintiffs' voluntarily dismissal. See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir. 1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir. 1989); Consolidated Rail Corp v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir. 1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st Cir. 1986)); see also United States v. Nixon, 418 U.S. 683, 690 (1974).

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 21st day of April 2005.

**S/DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**