IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SALVADOR PIÑEIRO-DIAZ, et als.,
**Plaintiffs**

v.                                                                                   CIVIL NO. 04-1522 (DRD)

ADCHEM PHARMA OPERATIONS, et als.,
**Defendants**

| MOTION | ORDER |
|---|---|
| **Date Filed: 06/08/05**<br>**Docket #103**<br>[X] **Plaintiff**<br>[] **Defendant**<br>**Title:** Motion Requesting Leave to File a Translated Document | **GRANTED/MOOT.** Translation has been filed at Docket Entry No. 107. |
| **Date Filed: 06/30/05**<br>**Docket #107**<br>[X] **Plaintiff**<br>[] **Defendant**<br>**Title:** Motion to Submit Certified Translation | **NOTED.** |
| **Date Filed: 07/18/05**<br>**Docket #111**<br>[] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Sealed Motion | **GRANTED.** This motion is to remain sealed. |

Page 1 of 5

| | |
|---|---|
| **Date Filed: 08/05/05**<br>**Docket #114**<br>[X] **Plaintiff**<br>[] **Defendant**<br>**Title:** Motion in Compliance With a More Definite Statement Under Rule 12(e) FRCP, Withdrawal of Class Action Certification ans oluntary Withdrawal Without Prejudice Against SB Pharmco PR, Inc., ICN PR, Inc., and Elli Lilly Export S.A. | **NOTED.** The Court Notes plaintiffs have submitted a list of the named plaintiffs with specification as to the name of the employer, the position held, and the number of years in employment. However, the Court notes that co-defendants SB Pharmco, Inc. (previously named defendant as Glaxo SmithKline) ICN P.R. Inc., and Eli Lilly Export S.A. have been previously dismissed (See Docket No. 95). Accordingly, plaintiffs' request for the voluntary dismissal against named co-defendants is **MOOT**. |
| **Date Filed: 08/10/05**<br>**Docket #117**<br>[] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted | **DENIED.** Defendant has appeared requesting the Court to hold in abeyance the entry of dismissal at Docket Entry No. 126. Further, plaintiffs have filed an Amended Complaint at Docket No. 131 providing specificity as to each plaintiff, its causes of action and its relationship with defendant. |
| **Date Filed: 08/18/05**<br>**Docket #119**<br>[X] **Plaintiff**<br>[] **Defendant**<br>**Title:** Motion Requesting Leave to File Supplemental Motion to Oppose Rule 11 Sanctions | **DENIED/MOOT.** The Court issued at Docket Entry No. 127 its Opinion and Order granting defendants' request for Rule 11 sanctions. |
| **Date Filed: 08/22/05**<br>**Docket #120**<br>[X] **Plaintiff**<br>[] **Defendant**<br>**Title:** Motion for Extension of Time to Oppose "Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted" | **MOOT.** See ruling provided at Docket Entry No. 117. |

| | |
|---|---|
| **Date Filed: 08/24/05** <br> **Docket #121** <br> [**X**]**Plaintiff** <br> [] **Defendant** <br> **Title:** Motion for Default Entry Against Bristol-Myers Squibb Company | **DENIED.** Plaintiffs have requested that the Court hold in abeyance the instant request for the reasons set forth therein (See Docket No. 125). Further, plaintiffs have filed an Amended Complaint at Docket Entry No. 131 as previously ordered by the Court. |
| **Date Filed: 08/25/05** <br> **Docket #123** <br> [**X**]**Plaintiff** <br> [] **Defendant** <br> **Title:** Motion Requesting Leave to File a Translated Document | **GRANTED.** However, the Court notes that plaintiff requested until September 9, 2005 to submit the certified translations of certain documents relating to its opposition to defendant's Rule 12(b)(6) motion. As of today, the record is devoid of said filing. Therefore, plaintiff is **ORDERED** to submit the certified translations of the supporting documents **on or before thirty (30) days** from the issuance of this Order. Should plaintiffs fail to comply with the provided deadline, the Court shall impose monetary sanctions upon counsel for plaintiffs and/or dismiss the complaint should the matter persist. **Absolutely any request for an extension of time shall be SUMMARILY DENIED.** |
| **Date Filed: 08/25/05** <br> **Docket #124** <br> [**X**]**Plaintiff** <br> [] **Defendant** <br> **Title:** Motion to Request Status Conference | **NOTED.** The Court hereby sets an **Status Conference** for the **25th day of April 2006 at 5:30 p.m.** |
| **Date Filed: 09/07/05** <br> **Docket #125** <br> [**X**]**Plaintiff** <br> [] **Defendant** <br> **Title:** Motion to Hold in Abeyance Request for Default Against Bristol-Myers Squibb | **MOOT.** See ruling at Docket Entry No. 121. |

| | |
|---|---|
| **Date Filed: 09/15/05**<br>**Docket #126**<br>[ ]**Plaintiff**<br>[**X**] **Defendant**<br>**Title:** Motion to Partially Hold in Abeyance Pending Motion to Dismiss Under Rule 12(b)(6) and Requesting that Court Instruct Plaintiff to Present an Amended Complaint | The Court deems that defendants' request as to ordering plaintiffs to file an Amended Complaint is **MOOT** since the Amended Complaint has been filed at Docket Entry No. 131. Notwithstanding, the Court notes that defendants have moved for the dismissal against other Bristol named co-defendants acknowledging that should the named plaintiffs have worked at Bristol facility in Barceloneta, Bristol-Myers Barceloneta, Inc., is the proper employer to said plaintiffs. However, the Court notes that the Amended Complaint provides that Bristol-Myers Barceloneta, Inc., is the proper defendant, and that counsel for plaintiffs have not objected the request for dismissal against the other Bristol named co-defendants.<br>Notwithstanding, the Court **ORDERS** plaintiffs to enter their consent for dismissal of plaintiff's causes of action against Bristol-Myers Squibb Holdings Pharma, Ltd. (Bristol-Manati), Bristol-Squibb Manufacturing Company (Bristol-Humacao), Bristol-Myers Squibb Manufacturing Company and Bristol-Myers Squibb Caribbean Company (jointly known as Bristol-Mayaguez). Plaintiff shall enter its consent **within ten (10) calendar days** of the issuance of this Order. **Plaintiff is forewarned that failure to timely comply with this Order shall result in waiver of opposition to the dismissal request, and the dismissal will be granted as requested by co-defendants. Finally, plaintiff is further forewarned that any request for an extension of time shall be SUMMARILY DENIED.** |
| **Date Filed: 10/18/05**<br>**Docket #128**<br>[ ]**Plaintiff**<br>[**X**] **Defendant**<br>**Title:** Motion to Dismiss for Failure to Comply With Court's Order | **DENIED/MOOT.** Plaintiffs have filed an Amended Complaint at Docket Entry No. 131. |
| **Date Filed: 10/21/05**<br>**Docket #129**<br>[**X**]**Plaintiff**<br>[ ] **Defendant**<br>**Title:** Informative Motion and to Request an Extension of Time to Comply With Order | **MOOT.** An Amended Complaint was filed by plaintiffs at Docket Entry No. 131. |

| | |
|---|---|
| **Date Filed: 11/18/05**<br>**Docket #132**<br>[X]**Plaintiff**<br>[ ] **Defendant**<br>**Title:** Motion in Compliance of Order | **NOTED.** |
| **Date Filed: 12/07/05**<br>**Docket #135**<br>[ ]**Plaintiff**<br>[X] **Defendant**<br>**Title:** Motion to Strike Plaintiffs' "Reply to Opposition to Motion in Compliance With Court Order and to Stay Term to File Answer to the Fourth Amended Complaint" | **GRANTED.** Plaintiffs' Reply is hereby **STRICKEN** from the record for failure to request Leave to File its Reply complying with Local Civil Rule 7.1(c). **Further, defendant shall file its Answer to the Fourth Amended Complaint within twenty (20) days of the issuance of this Order. Absolutely any request for an extension of time shall be SUMMARILY DENIED.** |
| **Date Filed: 12/27/05**<br>**Docket #141**<br>[X]**Plaintiff**<br>[ ] **Defendant**<br>**Title:** Informative Motion as to Holiday Vacations | **MOOT.** |
| **Date Filed: 11/27/05**<br>**Docket #142**<br>[X]**Plaintiff**<br>[ ] **Defendant**<br>**Title:** Motion for Discovery Order and Sanctions | **DENIED.** The Court deems that plaintiffs have repeatedly failed to adequately exhaust Local Civil Rule 26 discovery dispute procedures. Furthermore, sanctions are not warranted based on failure to provide discovery when, as stated previously, discovery dispute procedures have not been properly exhausted. Further, the Court notes that defendants had filed dipositive motions in the instant case and it has not been until recently that the parties have identified plaintiffs' employer. Moreover, the Court notes that the parties have mutually requested that disposition of the dispositive motions be held in abeyance. Hence, the request comes perilously close to sanctions as frivolous under Rule 11, Fed.R.Civ.P. |

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 14TH day of March 2006.

                                              **S/DANIEL R. DOMINGUEZ**
                                              **DANIEL R. DOMINGUEZ**
                                              **U.S. DISTRICT JUDGE**